**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **GILBERT DARREN SIMPSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 5:11-0950** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.     Criminal Action No. 6:04-cr-0063:**

On April 13, 2005, Petitioner was convicted in the Eastern District of Kentucky of one count of Conspiracy to Distribute more than 100 kilograms of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 851 (Count 1); one count of Distribution of Less than 250 grams of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count 3); one count of Possession with Intent to Distribute Oxycontin Tablets

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Containing Oxycodone, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count 4); and one count of Possession with Intent to Distribute Pills Containing Benzodiazepine, a Schedule IV Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Count 5). United States v. Simpson, Case No. 6:04-cr-0063 (E.D.Ky. Aug. 22, 2005), Document Nos. 63 and 64. On August 8, 2005, the United States filed a Motion to Set Aside Verdict as to Count 5.[2] Id., Document No. 72. By Judgment Order entered on August 22, 2005, the District Court granted the United States' Motion and dismissed Count 5. Id., Document No. 76. Also on August 22, 2005, the District Court sentenced Petitioner to "360 months on each of Counts one and four, a term of 120 months on Count Three, to be served concurrently, for a total term of 360 months." Id. The District Court further imposed an eight-year term of supervised release. Id.

Petitioner filed his Notice of Appeal on August 30, 2005. Id., Document No. 81. In his appeal, Petitioner argued that (1) "his indictment was the result of vindictive prosecution and that the district court should have dismissed the indictment or, at least, conducted an evidentiary hearing on the allegation;" (2) "the district court erred both by quashing Simpson's subpoena of an Assistant United States Attorney and by prohibiting questions based on Simpson's vindictive prosecution allegation during cross-examination of a witness;" and (3) there was insufficient "evidence supporting all three of the counts on which he was convicted." On May 8, 2007, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction. United States v. Simpson, 226 Fed.Appx. 556 (6yh Cir. 2007). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on March 24, 2008. Simpson v. United States, 552 U.S. 1290, 128 S.Ct. 1727, 170

---

[2]   The United States acknowledged that "Count 5 of the indictment listed the incorrect Schedule IV controlled substance of benzodiazepine. Count 5 should have read the Schedule IV controlled substance, alprazolam." Simpson, Case No. 6:04-cr-0063, Document No. 72.

L.Ed.2d 530 (2008).

**B.     Section 2255 Motion:**

On March 5, 2009, Petitioner filed in the Eastern District of Kentucky a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Simpson, Case No. 6:04-cr-0063 , Document No. 102. As grounds for relief, Petitioner alleged ineffective assistance of counsel. Id. The United States filed its Response on July 22, 2009. Id., Document No. 111. On September 21, 2009, Petitioner filed his Reply. Id., Document No. 115. By Proposed Findings and Recommendation entered on December 16, 2010, by United States Magistrate Judge Hanly A. Ingram recommended that Petitioner's Section 2255 Motion be denied as untimely. Id., Document No. 120. By Memorandum Opinion and Order entered on January 4, 2011, the District Court adopted Judge Ingram's recommendation and denied Petitioner's Section 2255 Motion. Id., Document Nos. 121 and 122. On January 10, 2011, Petitioner filed his Objections to Judge Ingram's recommendation. Id., Document No. 123. By Memorandum Opinion and Order entered on January 10, 2011, the District Court overruled Petitioner's Objections. Id., Document No. 124. On January 13, 2011, Petitioner filed a "Emergency Motion for Reconsideration," which the District Court denied on the same day. Id., Document Nos. 125 and 126.

**C.     Section 2241 Petition:**

On October 20, 2011, Petitioner filed in the Eastern District of Kentucky his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 5:11-0950, Document No. 1.) Petitioner asserts that he is entitled to *habeas* relief because his "Indictment was defective in its entirety." (Id., pp. 2 - 5.) Petitioner explains that "the Indictment was not signed by any Grand Jury Foreperson as mandated by the Federal Rules of Criminal Procedure Rule 6(c) and the Fifth Amendment of the

U.S. Constitution." (<u>Id.</u>, p. 3.) Petitioner argues that "[t]he absence of a Foreperson's signature is fatal to a Grand Jury Indictment." (<u>Id.</u>, p. 4.) Petitioner concludes that "the Indictment itself is defective, null, and void, in its entirety, and for this reason the Judgment, Sentence, and commitment of the Petitioner is also null and void." (<u>Id.</u>, p. 5.) Petitioner, therefore, requests the Court to order his "immediate emergency release from custody." (<u>Id.</u>, p. 6.)

As Exhibits, Petitioner attaches the following: (1) A copy of his Indictment as filed in the Eastern District of Kentucky in Criminal Action No. 6:04-cr-0063 (Document No. 1-2, pp. 1 - 3.); (2) A copy of a letter from the United States Attorney addressed to United States Probation Officer Diane Campbell Bowling dated August 8, 2005 (<u>Id.</u>, p. 4.); and (3) A copy of Petitioner's "Judgment in a Criminal Case" as filed in the Eastern District of Kentucky in Criminal Action: 6:04-cr-0063 (<u>Id.</u>, pp. 5 - 6.)

By Order entered on November 29, 2011, the Eastern District of Kentucky determined that it had no jurisdiction to entertain Petitioner's § 2241 petition and transferred the action to this District. (<u>Id.</u>, Document No. 2.)

## <u>ANALYSIS</u>

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Rose v. Hodges</u>, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. <u>See</u> <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). <u>See</u> <u>Thomas v. Crosby</u>, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the

exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of conviction as imposed by the Eastern District of Kentucky. Specifically, Petitioner challenges the validity of his Indictment. Petitioner, therefore, requests that this Court invalidate his conviction and order his immediate release from custody. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion

and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Kentucky. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[3]

-----

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

---

actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." <u>In re Jones</u>, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date

8

of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 12, 2013.

R. Clarke VanDervort
United States Magistrate Judge