IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GILBERT DARREN SIMPSON,

        Petitioner,

v.                                       CIVIL ACTION NO.   5:11-cv-00950

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Application under 28 U.S.C. §2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document 1.)[1] By Standing Order (Document 4) entered on November 29, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 12, 2013, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R"), (Document 7), wherein he recommends that this Court dismiss Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241, and remove this mater from the Court's docket. On February 26, 2013, Petitioner timely filed his objections to the PF&R. (Document 9.) After thorough review and consideration, the Court finds, for the reasons stated herein, that Petitioner's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

---

[1] Petitioner labeled his *pro se* letter-form motion as an *Emergency Petition for Writ of Habeas Corpus* and states that he is filing it pursuant to Title 28 U.S.C. 2241(c)(3). (Document 1 at 1.)

## I. FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R sets forth in detail Petitioner's previous and current motions. The Court now incorporates by reference those facts and procedural history. To provide context for the ruling herein, the Court provides the following summary.

On April 13, 2005, in the Eastern District of Kentucky, Petitioner was found guilty of Conspiracy to Distribute more than 100 kilograms of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851 (Count 1), Distribution of Less than 250 grams of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count 3), Possession with Intent to Distribute Oxycontin Tablets, Containing Oxycodone, a Schedule II Controlled Substance (Count 4), and Possession with Intent to Distribute Pills Containing Benzodiazepine and Lesser Included Offense of Possession of Benzodiazepine, in violation of 21 U.S.C. 841(a)(1) (Count 5). *United States v. Simpson*, Case No. 6:04-cr-00063 (E.D.Ky. 2005) at Document 64. On August 8, 2005, the Honorable Danny C. Reeves of the District Court of Kentucky granted the United States' Motion to Set Aside Verdict as to Count 5[2] and sentenced Petitioner to a term of imprisonment of three hundred sixty (360) months on the remaining counts,[3] to be followed by an eight-year term of supervised release. (*Id.* at Document 76.)

On August 30, 2005, Petitioner filed a Notice of Appeal. (*Id.* at Document 81.) On May 8, 2007, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction on all three counts. *United States v. Simpson*, 226 F.App'x 556, 558 (6th Cir.2007). Petitioner then filed a petition for

---

[2] The United States moved to set aside the verdict as to Count 5 because "Count 5 of the indictment listed the incorrect Schedule IV controlled substance of benzodiazepine. Count 5 should have read the Schedule IV controlled substance, alprazolam." (*Id.* at Document 72.)

[3] Petitioner was sentenced to "360 months on each of Counts one and four, a term of 120 months on Count Three, to be served concurrently, for a total of 360 months." (*Id.* at Dkt. 76.)

writ of certiorari to the Supreme Court of the United States, which was denied on March 24, 2008. *Simpson v. U.S.*, 552 U.S. 1290 (2008.)

On March 5, 2009, Petitioner, acting *pro se,* filed a Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 in the Eastern District of Kentucky. *United States v. Simpson*, Case No. 6:04-cr-00063 (E.D.Ky. 2005) at Document 102. In support, Petitioner alleged ineffective assistance of counsel. (*Id.*)  On January 4, 2011, the District Court of the Eastern District of Kentucky adopted Magistrate Judge Hanley A. Ingram's Recommended Disposition and denied Petitioner's Motion to Vacate under 28 U.S.C. § 2255 as untimely. (*Id.* at Document 121.) On January 10, 2011, Petitioner filed his Objections to the Magistrate Judge's Recommended Disposition. (*Id.* at Document 123.)  Later that day, the District Court ordered that Petitioner's objections be overruled. (*Id.* at Document 124.)  On January 13, 2011, Petitioner filed an "Emergency Motion for Reconsideration of January 24, 2011- Judgment" (*Id.* at Document 125), which the District Court denied later that day. (*Id.* at Document 126.)

Petitioner filed his instant petition, Emergency Petition for Writ of Habeas Corpus, and attached exhibits on October 20, 2011, in the Eastern District of Kentucky. (Document 1.) Petitioner requests relief pursuant to 28 U.S.C. §2241 because his "Indictment was defective in its entirety." (*Id.* at 1-3.) Petitioner stresses that "the Indictment was not signed by any Grand Jury Foreperson . . . as mandated by the Federal Rules of Criminal Procedure, Rule 6(c), and the Fifth Amendment of the U.S. Constitution before any prosecution may begin." (*Id.* at 3.) Petitioner argues that "without [the Foreperson's signature] the Indictment itself is defective, null, and void, in its entirety, and for this reason the Judgment, sentence, and commitment of the Petitioner is also

3

null and void." (*Id.* at 5.) Based on the foregoing, Petitioner asserts that he is "entitled to an immediate Emergency release from custody. . ." (*Id.*)

On November 29, 2011, the District Court in the Eastern District of Kentucky found that it was without jurisdiction to consider Petitioner's § 2241 petition because Petitioner is currently serving his term of imprisonment at the Federal Correctional Institution located in Beaver, West Virginia ("FCI-Beckley"). (Document 2.) Therefore, it ordered that Petitioner's 28 U.S.C. § 2241 habeas petition be transferred to this district. (*Id.*)

On April 25, 2012, Petitioner filed a *pro se* letter-form Motion to Expedite (Document 6). On February 12, 2013, Magistrate Judge VanDervort filed his PF&R (Document 7) recommending that Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 be dismissed and that this matter be removed from the Court's docket. Also on February 12, 2013, the Magistrate Judge ordered that Petitioner's Motion to Expedite be denied. (Document 8.) On February 26, 2013, Petitioner filed his objections to the Magistrate's PF&R. (Document 9.)

## II.  STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

4

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. DISCUSSION

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 28 U.S.C. § 2241 habeas petition, which "can only be filed in the district in which a prisoner is confined," deals with Petitioner's "commitment or detention" and attacks the manner in which a sentence is executed. 28 U.S.C. § 2241; *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008). On the other hand, a 28 U.S.C. § 2255 habeas petition, which is filed with the original sentencing court, is used to collaterally attack the imposition or validity of a federal inmate's judgment and sentence. 28 U.S.C. § 2255(a); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Generally, a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition. However, when Section 2255 "appears…inadequate or ineffective to test the legality of his detention," a federal prisoner may seek habeas relief under Section 2241. *Poole,* 531 F.3d at 270 (quoting 28 U.S.C. § 2255(e)). The Fourth Circuit Court of Appeals has noted that this so-called "savings clause" "applies in only very limited circumstances." *Poole,* 531 F.3d at 269 (quoting *Poole v. Dotson*, 469 F.Supp.2d 329, 333 (D.Md.

2007).  Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole,* 531 F.3d at 269 (quoting *Jones,* 226 F.3d at 333-34); *Darden v. Stephens*, No. 10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011).  The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).  If the petitioner cannot meet the "savings clause" standard, and he is challenging his sentence and conviction, the Court can construe the petition as a 2255 motion. *See Calderon v. Thompson,* 523 U.S. 538, 553 (1998).  However, under the statute, "a second or successive motion under § 2255 must be denied unless certified 'by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence…; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Poole,* 531 F.3d at 266 (quoting 28 U.S.C. § 2255(h).

### A. Magistrate Judge's Findings

The Magistrate Judge correctly found that Petitioner's claims challenge the validity of his conviction imposed by the Eastern District of Kentucky, and therefore, are properly considered under Section 2255, not Section 2241. (PF&R at 5.)   The Magistrate noted that Petitioner argues that his indictment was invalid, and therefore, requests that this Court invalidate his conviction and order his immediate release from custody. (*Id.*) Petitioner is challenging the validity of his

6

conviction and sentence, not the execution of his sentence. As the Magistrate Judge noted, "a Section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a Section 2255 motion." (*Id.*) (quoting *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)).

Viewing Petitioner's claims under Section 2255, the Magistrate Judge recommended that Petitioner's motion be dismissed because the Court does not have jurisdiction to hear the motion and Petitioner did not obtain authorization from the Sixth Circuit Court of Appeals to proceed with a successive Section 2255 motion. (*Id.* at 5-6.) First, the Magistrate explained that a Section 2255 motion is filed with the original sentencing court, which, in this case, is the Eastern District of Kentucky, not the Southern District of West Virginia. (*Id.* at 6). Therefore, he found that this Court does not have jurisdiction to consider Petitioner's claims under Section 2255. (*Id.*) Then, he reasoned that Petitioner's Application should not be transferred to the sentencing court because "[he] has proceeded under Section 2255 in the sentencing court at least once before" and has not obtained authorization of the Sixth Circuit Court of Appeals to proceed with a second or successive Section 2255 motion. (*Id.*) The Magistrate Judge explained that "before a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." (*Id.* at 7, fn. 3) (quoting *In re Goddard,* 170 F.3d 435, 436 (4th Cir.1999); (*See,* 28 U.S.C. § 2244(b)(3)(A)).

The Magistrate Judge then considered Petitioner's claims under Section 2241 to determine whether Petitioner has invoked the "saving clause" of Section 2255. (PF&R at 7.) He explained that "Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 'saving clause.'" (*Id.*) As stated above, an

7

individual may challenge his conviction under Section 2241 if he can establish that Section 2255 is "inadequate or ineffective" as evidenced by the above-referenced Fourth Circuit test. (*Id.*) (citing *In re Jones,* 226 F.3d 328, 333 (4th Cir.2000); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996.)) He stressed that "Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally by the gatekeeping requirements of Section 2255." (*Id.* at 8.) Based upon the foregoing, the Magistrate Judge found that Petitioner has not, and cannot, demonstrate that Section 2255 is "inadequate or ineffective." (*Id.*) Therefore, the Magistrate Judge found that Petitioner's Section 2241 Petition should be dismissed.

### B. Petitioner's Objections[4]

Petitioner appears to object to the Magistrate Judge's finding that his claims are properly considered under Section 2255, not Section 2241. (Document 9.) Petitioner submitted four objections and one request.[5] The Court outlines Petitioner's objections below.

First, Petitioner states that "he is NOT testing the validity of the federal judgment and sentence, but instead is testing the validity of the Grand Jury Indictment and the subsequent prosecution and conviction based thereon." (*Id.* at 1.) Petitioner asserts that "[a] 2255 success would only place the petitioner back in the County Jail on an overturned case, whereas a successful 2241 would have the Petitioner immediately released from unlawful detention." (*Id.*)

Second, in response to the Magistrate Judge's statement that "matters pertaining to Petitioner's 'commitment or detention' are properly the subject under 28 U.S.C. §2241,"

---

[4] The Court has considered the fact that Plaintiff is acting *pro se*, and thus, his pleadings were accorded liberal construction. *Estelle*, 429 U.S. at 106; *Loe*, 582 F.2d at 1295.

[5] Petitioner requests that "in the event that this Court finds that this 2241 is not the proper vehicle for contesting the invalid Indictment, that this Court please inform [him] of the proper vehicle on which to attack this issue or, alternatively to appoint a lawyer to represent [him] on this matter." (Document 9 at 3.).

Petitioner asserts that he "is in fact addressing matters pertaining to his illegal commitment and detention based upon a defective, null, and void Grand Jury Indictment, which is not legal, nor binding on the Petitioner's detention due to the fact that it was never signed by any Grand Jury Foreman - a requirement to beginning a federal prosecution in any federal court in this country." (*Id.* at 1-2.)

Third, Petitioner states that he is "seeking to challenge the validity of the Grand Jury Indictment and the resulting commitment and detention since then, NOT the form or substance of the sentence or guidelines, or any other errors of a clerical nature." (*Id.* at 2.) He asserts that "[t]he ONLY available vehicle to challenge the Petitioner's continued illegal detention is the 2241 that [he] filed in this case." (*Id.*) He stresses that "a 2255 motion would not be effective in securing the immediate release of the Petitioner from illegal detention, so the instant 2241 motion/petition is the only available remedy to secure the immediate release of the Petitioner herein." (*Id.*)

Lastly, Petitioner contends that "[n]owhere in the Section 2255 does it cover securing the immediate release of a Petitioner based upon an illegal prosecution that was not authorized by a[n] improperly executed Grand Jury Indictment." (*Id.*) He contends that this can only be accomplished through a motion under 2241. (*Id.*) Moreover, he states that he is "not asking the Court to vacate, set aside, or correct the sentence, but simply to confirm and verify that the Grand Jury Indictment was not signed by the Foreman as required by law, and to issue an immediate release of the Petitioner from custody and any further illegal detention, which could not be accomplished through a 2255 motion." (*Id.* at 2-3.)

### *C. The Court's Findings*

The Court finds that Petitioner's objections are without merit. Petitioner appears to misunderstand the distinction between a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  As stated above, a § 2241 habeas petition deals with Petitioner's "commitment or detention" and attacks the manner in which a sentence is executed, 28 U.S.C. § 2241; *Poole*, 531 F.3d at 264, while a motion brought pursuant to § 2255 is used to collaterally attack the imposition or validity of a federal inmate's judgment and sentence. 28 U.S.C. § 2255(a); *In re Vial,* 115 F.3d at 1194. The Fourth Circuit Court of Appeals has made clear that "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir.2010) (per curiam).  In other words, "Section 2255 provides the primary avenue of relief for federal prisoners 'claiming the right to release' as a result of an unlawful sentence." *Terrell v. U.S.*, 564 F.3d 442, 447(6th Cir.2009) (quoting 28 U.S.C. § 2255(a)).

Despite Petitioner's unsupported contentions to the contrary, his claim of a defective indictment goes to the underlying validity of his conviction and sentence, not to the manner of execution of his sentence.  Therefore, his claim is not properly considered under § 2241, unless he can invoke the "savings clause" under §2255.  As stated above, the "savings clause" applies when § 2255 is inadequate or ineffective. *Poole,* 531 F.3d at 270. Petitioner has not set forth any argument or facts to demonstrate that § 2255 is inadequate or ineffective. Therefore, his Application is properly construed as a § 2255 motion because it attacks the validity of his sentence and his indictment and the "savings clause" of Section 2255 does not apply. Moreover, there is no

10

evidence that the Sixth Circuit Court of Appeals authorized a successive Section 2255 motion. Therefore, Petitioner's objections are without merit and should be overruled.

### IV.   CONCLUSION

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 7) be **ADOPTED** and that Petitioner's objections to the PF&R (Document 9) be **OVERRULED**.  Furthermore, the Court **ORDERS** that Petitioner's Application for Writ of *Habeas Corpus* by Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document 1) be **DISMISSED**, and that this matter be **STRICKEN** from the docket of this Court.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 437, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683-83 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.                    ENTER:   April 25, 2013

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA